IGOE *v.* THE STATE.

Section 56 of the act for the incorporation of insurance companies, &c., approved *June* 17, 1852, and the act of 1855 amendatory of that section, are void—the section not being embraced by the title of the act.

IGOE
v.
THE STATE.

| 14 | 239 |
| d156 | 698 |

APPEAL from the *Marion* Court of Common Pleas.

*Saturday, June 2.*

DAVISON, J.—This was a prosecution against *Martin Igoe*, for violating an act entitled "An act to amend an act for the incorporation of insurance companies, defining their powers, and prescribing their duties, approved *June* 17, 1852." This amendatory act is found in the Acts of 1855, p. 137, and contains these provisions:

"SEC. 1. It shall not be lawful for any agent of any insurance companies incorporated in any other state than the state of *Indiana*, directly or indirectly, to take risks or transact any business of insurance in this state, without first producing a certificate of authority from the auditor of state," &c.

"SEC. 9. Any person violating the provisions of this act shall, upon conviction thereof before any Court of competent jurisdiction, be fined not exceeding 1,000 dollars, or imprisoned in the county jail not more than thirty days, or both, at the discretion of the Court."

The information charges that defendant, as the agent of an insurance company incorporated by the laws of the state of *Pennsylvania*, took a risk (describing it) in this state without producing or procuring a certificate of authority from the auditor of state as prescribed by said act, thereby incurring the penalties of the aforesaid ninth section.

Defendant moved to quash the information; but the motion was overruled.

The cause was then submitted to the Court, who found the defendant guilty, and, having refused a new trial, rendered judgment, &c.

The amended act contains fifty-six sections. The first fifty-five sections relate to insurance companies incorpo-

rated under the laws of this state, define their powers, and prescribe their duties.   The 56th section is as follows:

"Every person who shall undertake to act as an insurance agent for any company not incorporated under the laws of this state, shall first deposit with the recorder of the county in which he proposes to establish his agency, an authenticated copy of a resolution of such company, authorizing any citizen or resident of *Indiana*, having a claim growing out of a contract of insurance made with such agent therein, to sue for the same in any Court of this state, and consenting that service of process on such agent shall have the same force and effect as if served upon the president and directors of such company; and he shall also file an authenticated copy of his commission or power of attorney, under which he claims to act as such agent, and any insurance made or procured to be made by such agent or person acting on behalf of any foreign insurance company, contrary to the provisions of this section, shall be void."   1 R. S. p. 331.

The point mainly relied on for the reversal of this judgment relates to the title of the amended act.   The constitution declares that every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title.   But if any subject shall be embraced in the act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.   Art. 4, § 19. The 56th section, which has been recited, is said to be inoperative, because its subject is not expressed in the title of the act.   As we have seen, that title is in these words: "An act for the incorporation of insurance companies, defining their powers, and prescribing their duties."   The reading of this title at once induces the conclusion that the various provisions of the act relate alone to companies to be incorporated within this state—in other words, to the incorporation, the powers, and the duties of domestic insurance companies, and nothing else.   It follows that the title of the amended act does not express the subject of foreign insurance companies, as embraced in § 56, and

the result is that that section must be held a nullity, unless it is found to contain matter properly connected with the subject indicated in the title of the act. It is insisted that this section makes foreign insurance companies *quasi* state corporations, and thus properly connects them with the subject of the enactment. We think otherwise. The section confers no power upon foreign incorporated companies, but simply regulates the exercise by them of corporate powers within this state, conferred by the laws of a sister state. And this being the evident purpose of § 56, the matter which it contains is not, in any sense, connected with the subject expressed in the title of the amended act. We are of opinion that the section under consideration, as it stands in the act of 1852, is not within the requirements of the constitution, and, in consequence, the entire amendatory act of 1855, being, in effect, an amendment of § 56, is inoperative and void. *The State* v. *Bowers*, at the present term (1). See, also, *Wilson* v. *The State*, 7 Ind. R. 516, and *Mewherter* v. *Price*, 11 *id*. 201.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith*, *W. J. Smith*, *H. C. Newcomb*, and *J. S. Tarkington*, for the appellant.

(1) *Ante*, 195.