THE RISING SUN INSURANCE CO. *v.* SLAUGHTER *et al.*

STATUTES CONSTRUED—INSURANCE.—The act of *June* 17, 1852, (1 G. & H. p. 272), on the subject of the conduct of foreign corporations and their agents in this State, embraces foreign insurance companies, and a policy of insurance, negotiated in this State by a foreign insurance company, or its agent, without a previous compliance with the requirements of that act, is void.

And the negotiation of such a void policy with such foreign company, upon property hitherto insured in a domestic company, by a policy conditioned to be void "if any prior or subsequent insurance is made without the consent of the company being indorsed thereon," would not amount to a breach of such condition, or avoid the domestic policy.

PLEADING—INSURANCE.—In an action upon a policy of insurance, the averment that the company "insured the plaintiff to the amount of 3000 dollars, on 10,000 bushels of oats," &c., sufficiently shows an insurable interest in the plaintiff.

APPEAL from *Floyd* Circuit Court.

HANNA, J.—The appellees sued the appellant, upon a policy executed by her, covering the cargo of a flatboat, valued at 4000 dollars. The corporation answered, (1), a general denial; (2), that before the alleged loss, the company had, with the consent and approval of the plaintiffs, determined the risk, surrendered the premium note, and the plaintiffs had agreed to surrender and return the policy; (3), that a subsequent insurance had been effected by the plaintiffs upon the same property, in the *Quaker City Insurance Company*, without the consent of the defendant, and contrary to the stipulations of the policy sued on.

The plaintiffs replied, traversing generally the matters in the 2d and 3d defences, and also replied specially to the latter, averring that the policy issued by the *Quaker City Insurance Company* was entered into at *New Albany, Indiana,* with

one *Levi C. Ferry*, who held himself out as her agent; that such corporation was a foreign one, organized under the laws of *Pennsylvania*, and, prior to the execution of such policy, said *Ferry* had wholly failed to comply with the requirements of the statute regulating foreign corporations and their agents in this State, (see 1 R. S. p. 242), and said policy was for that reason wholly null and void.

A demurrer to that paragraph of the reply was overruled, and the defendant excepted.

Trial by the Court, finding for plaintiffs, motion for a new trial overruled, and judgment.

The errors assigned are: 1, Upon the overruling the defendant's demurrer to the reply; and, 2, That the finding was contrary to law and the evidence.

It is not controverted but that a breach of the clause in the policy, by which it was agreed that the consent of the appellant to a subsequent insurance should, to be effectual as to said company, be indorsed thereon, would discharge the obligation of said company so assumed by said policy.

But it is denied that there was a breach of said provision of said policy upon the part of the plaintiffs.

*First,* That, in point of fact, no such subsequent insurance was effected.

*Secondly,* That no valid insurance was subsequently effected.

This latter proposition arises upon the issue tendered by the second reply to the third paragraph of the answer, and the demurrer thereto.

There was evidence tending to show that the plaintiffs did not effect said second insurance; and also tending to show that the agent who attempted to execute such a policy had no authority to so contract. It is, therefore, insisted, as the finding of the Court could have been well made, under the general denial to that part of the answer setting up said sec-

ond insurance, that, even if the ruling was wrong upon the demurrer to the second reply to said answers, said defendant was not injured thereby, and, therefore, should not reverse the judgment, which, it is insisted, is right upon the merits.

Waiving a determination of this question for the present, we will examine the statutes upon which the legal question is raised by the pleadings. The plaintiffs based it upon the 1 R. S. 242, "An act respecting foreign corporations and their agents in this State," and which contains the provisions following, to-wit:

It is provided in the first section of that act, "that agents of corporations not incorporated nor organized in this State, before entering upon the duties of their agency in this State, shall deposit in the clerk's office, &c., the power of attorney, commission, &c., under or by virtue of which they act as agents."

And by the second, "said agents shall procure from such corporations and file with the clerk of the Circuit Court of the county where they propose doing business, before commencing the duties thereof, a duly authenticated order, resolution, &c., authorizing suits to be instituted in this State and process to be served on said agents, &c.

Section 7 of the act is as follows: "Any person acting as agent of foreign corporations as aforesaid, neglecting or refusing to comply with the foregoing provisions as to agents, shall, upon presentment or indictment, be fined in any sum not less than 50 dollars."

The third section provides for service upon said agents, &c.

And the fourth, that such corporations shall not enforce, by suits in the Courts of this State, any contracts made by such agents before they shall have complied with said statute, &c.

The appellees insist that a contract of insurance attempted to be made by an agent in this State, who should have com-

plied with this statute, but had not, is absolutely void, as being against the expressed will of the law-making power of the State.

On the other hand, it is urged that the whole penalty, so far as the public is concerned, for a violation of said statute, is, that the corporation can not sue in the Courts of the State —not that the contract is void, but leaving it in full force, to be sued upon, &c., in the Courts of the State where the corporation is located; and further, that this particular statute in regard to corporations does not apply to foreign insurance companies.

This latter proposition we will first examine. It is placed on the ground that legislation in reference to such companies had been attempted by a separate act, and, although said act has been held unconstitutional, *Igoe* v. *The State* 14 Ind. 239, yet it shows that such corporations were not intended to be embraced in the general act in relation to corporations.

Each of these statutes was approved on the same day, and must, therefore, be considered together in construing them, when construction may be necessary; that is, if the act which was an abortive attempt at legislation, and has been pronounced invalid, should be considered at all. On the 17th of *June*, 1852, the statute upon the subject of foreign corporations was approved; and, by its plain and obvious terms, would include insurance companies as well as those formed for any other purpose. The language is not ambiguous, and in such a case there are respectable decisions to the effect that no interpretation is necessary. "That which the words declare, is the meaning of the instrument; and neither Courts nor Legislatures have the right to add to or take away from the meaning," *Newell* v. *The People*, 3 Seld. 97; *McClusky* v. *Cromwell*, 1 Kern. 593.

The act which was passed and declared invalid was a section tacked on to a bill on the subject of domestic insurance

companies, and was inoperative, under the Constitution, because the title of the act embraced domestic corporations alone. In one aspect it appears to have been similar to the former act, that we have been considering; that is, its purpose was to place conditions upon such foreign organizations in regard to their acts in this State. In some respects of the details of the two acts, they are not exactly identical. The one requires the commission and orders, &c., of the agent, to be filed in the clerk's office, the other in the recorder's office; the one gives a penalty by fine of not less than 50 dollars for its violation, the other declares an insurance procured by an agent who had failed to comply with its provisions, void; but has no other penalty attached.

Two questions appear to arise: *First*, Can we refer to any other act, in considering this general statute, where, upon the face thereof, no doubt would arise? Sedg. on Stat. and Const. Law, 247. *Second*, If we can, then can such reference be made to an invalid act? It has been held that reference may be had to an act upon the same subject matter, passed at a different time, or an expired act, or one that has been repealed, *id.* 250; but can an abortive attempt at legislation, because unconstitutional, be referred to? If it can, then are these statutes of such a character as to enable us to say that it was not the intention to include in that, which otherwise appears to be general, the subject matter of the attempted special legislation?

Upon these points we are of opinion that the general statute is so clear and unambiguous that an interpretation by reference to other statutes is not necessary; and that an attempt to show that the subject matter of legislation, evidently included in the terms thereof, had been the subject of other, but unconstitutional action, should not be permitted.

It is also urged that the reply is bad, even if the policy

should be considered void, because it appears to be sufficient upon its face.

The purpose of the stipulation in the policy, requiring assent to a second insurance, appears to be to prevent a double insurance, and thereby avoid the increase of the risk which might arise from temptation to fraudulent acts. If the second insurance was totally invalid, or not made until after the loss, then, it appears to us, there was no subsequent insurance, within the meaning of the stipulation in the first policy. See 23 Pick. 418; 6 Cush. 342; 2 Watts & S. 14; 37 Maine 137; 35 N. H. 203; but, it may be, there are authorities to the effect that if the second insurance is such as might be avoided by the insurers for extraneous facts, then it should be considered as affecting the stipulation in the first policy. But see 16 Peters 495; Parsons' 2 Mar. L. 100; 2 Am. Lead. Ca. 555. But we place our decision in this case upon the want of power in the *Quaker City Insurance Company* to make the contract.

That corporation had an existence only by virtue of the law creating it. That was a law foreign to this jurisdiction; the corporation could, therefore, have no existence here, except such as is recognized by inter-State comity. 2 Peters 586; *id.* 688; 12 *id.* 32; *id.* 657; 2 Wash. C. R. 283; 4 *id.* 86; 13 Mass. 1; 13 Peters 519; 6 Hill 527; 4 Scammon 461; 5 Sandf. 681; 18 Pick. 193.

Perhaps, in the absence of action by the State, the power to make a contract, otherwise valid, would be presumed. Story's Conf. of L. sec. 38; 13 Peters, *supra;* 2 Kent's Com. p. 39. But as this comity is presumed to rest upon the voluntary consent of one nation or State to the laws of another nation or State having force within its jurisdiction, such presumption can not be indulged against the expressed will of such State. Story's Conf., sec. 36; Vattel, 61, 62; 13 Mass. 4; Kent, *supra.*

The Rising Sun Insurance Co. v. Slaughter et al.

The question then recurs, has the State expressed, in a legitimate manner, its dissent to the operation of such laws within its jurisdiction? An answer to this inquiry is already anticipated, in our conclusion, in a former part of this opinion.

The next point is upon the refusal to grant a new trial.

The evidence is conflicting, and, to say the least of it, strongly tends to show that the second policy was taken out by *Mr. Ferry*, who was agent for both companies, without the knowledge or consent of the insured; that it did not come to their knowledge until after the loss; that it was assented to then under the supposition that it was for the benefit of the first insurers. We do not see but that, on all other points raised by said motion, the case was fully for the plaintiffs. We can not, under our repeatedly expressed views, disturb the judgment, under these circumstances.

The last point made is, that the demurrer to the reply reaches back and fastens upon defects in the complaint, and that the complaint in this case is fatally defective in not showing that there was in the plaintiffs an insurable interest in the property. The allegation in the complaint is, that the defendants insured " the plaintiffs to the amount of 3,000 dollars on 10,000 bushels of oats," &c. Did this sufficiently show the interest of the plaintiffs? We are of opinion that it did. We are not able to perceive how the conclusion could be escaped that the language used pointed to the plaintiffs as the owners.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Geo. V. Howk, Robert M. Weir, Thomas A. Hendricks* and *Oscar B. Hord,* for the appellant.[1]

*Randall Crawford* and *Henry Crawford,* for the appellees.[2]

(1) The counsel for the appellant urge: