*F. T. Hord*, for appellee.

----

## GRUBBS *v.* THE STATE.

REVERSING PREVIOUS RULINGS.—Great caution should be exercised by the Supreme Court in reversing former decisions, which have been received and acted upon as settling the law, and especially when a rule of property would be overturned, and that would be made criminal which had before been adjudged lawful.

SAME.—It is often better, in such cases, that what is settled should not be disturbed by judicial action, though it may be wrong.

FOREIGN INSURANCE COMPANIES.—Section 56 of an act entitled "an act for the incorporation of insurance companies, defining their powers and prescribing their duties," (1 G. & H. 398,) which purports to regulate the agencies of foreign insurance companies doing business in this state, is unconstitutional, because the subject of the section is not embraced in the title of the act, and is not matter properly connected with the subject expressed in the title.

APPEAL from the *Marion* Common Pleas.

FRAZER, J.—This was a prosecution for violating the fifty-sixth section of "an act for the incorporation of insurance companies, defining their powers and prescribing

their duties," as the same was amended by the act of 1855, 1 G. & H. 398, by doing business as agent of a foreign insurance company, without having complied with that act. It is contended that the provision of the act charged to have been violated is void, because it is not a subject expressed in the title of the act, nor a matter properly connected with the subject which is so expressed, as required by the 19th section of the 4th article of the Constitution of the State.

This very question was decided by this court against the validity of the enactment, more than five years ago, in *Igoe* v. *The State*, 14 Ind. 239. Three Legislatures have since held their sessions, and adjourned without, we believe, even attempting to enact the provisions thus held void, in a form which would be free from the constitutional objections then adjudged to exist. Our citizens, upon the faith of that decision, standing unquestioned so long, have unsuspectingly acted as agents for foreign insurance companies without complying with an act supposed, in good faith, to be void, and so pronounced by the solemn judgment of the court of last resort. All classes have, upon the like faith, purchased and paid for indemnity covering, in the aggregate, probably millions in value. We ought, in any case, to proceed with great caution in reversing opinions heretofore pronounced by this court, and received and acted upon as settling the law; and especially when a rule of property would be overturned, and that would be made criminal which had before been adjudged lawful. In such cases, it were often better that what is settled should not be disturbed by judicial action, though it be wrong. This principle has so often received the sanction of appellate courts, that it has become a maxim for their guidance, and it is especially important that it should not be forgotten here, where the judges hold for short terms, and where, unfortunately, the entire court may be changed at once. If it be also remembered that the validity of every contract of insurance, and every policy issued in this State, by foreign insurance companies, would be brought in question should

we now overrule *Igoe* v. *The State*, it will seem quite unfortunate, at least, if we shall feel compelled to do so.

But we need not rest our judgment upon the considerations above alluded to. If the question were now here for the first time, we should be compelled to pronounce the enactment in question a plain violation of the provision of the State Constitution already referred to.

We have recently had occasion, in three cases, (*Reams* v. *The State*, 23 Ind. 111, *Robinson* v. *Skipworth*, 23 Ind 311, and *Hingle* v. *The State*, *ante*, p. 35,) to consider the scope and application of section 19, article 4, of the constitution. Thinking that the time had come when some rule ought to be declared which might be capable of somewhat general application in the interpretation of the clause in question, we took pains, in the two cases last mentioned, to declare what we deemed to be the mischiefs of our legislation which it was intended to prevent. One of them was stated to be the enactment of laws under false and delusive titles, whereby measures had procured the support of legislators, who were thus deceived as to the character of the laws; and another was deemed to be the conjunction, in one act, of two or more subjects having no legal connection, for the purpose of procuring the passage of laws which might not, alone, command legislative sanction, upon the strength of popular measures embraced in the same act. To prevent these tricks in legislation, the constitution absolutely, and in all cases, forbids the passage of any law, unless the subject of it be expressed in its title, and, in like manner, inhibits the embodying in the same act of two or more subjects, having no legal connection with each other. Whenever it is clear that this constitutional provision has been disregarded, or overlooked, we must not hesitate to pronounce the supremacy of the constitution, and, by consequence, the invalidity of the act, to the extent that it may be in conflict with the fundamental law.

The title of the act in question is not comprehensive enough to embrace the general subject of insurance. By

the words, "an act for the incorporation of insurance companies, defining their powers and prescribing their duties," no one would understand that any insurance companies were referred to save those which might be organized under the act. The pronoun "their" is used instead of the name "insurance companies," for which it stands, and can embrace nothing more. The "insurance companies" referred to are clearly those which may be created under the act. Foreign insurance companies cannot, therefore, be meant, for they are organized under the laws of other states and other countries, and possess a legal existence, and their powers, without reference to our laws. It is, therefore, impossible to resist the conclusion that the section in question relates to a subject which is not expressed in the title of the act; and it remains only to inquire whether it has any proper connection with the subject which is so expressed. What is the connection? This question is not answered in the careful and able argument of the Attorney General. The making of regulations, upon compliance with which insurance companies existing elsewhere may do business here, would not be looked for in an act which purports, by its title, merely to provide for the incorporation of *Indiana* insurance companies, and to define their powers and prescribe their duties. It has no connection whatever with a subject thus limited. The proposition is so obvious as to forbid either argument or illustration. A conclusive reply to the suggestion that both belong to the general subject of insurance, is, as already stated, that the title to the act does not comprehend the general subject of insurance. The question before us is not whether the whole contents of the act *might* constitutionally have been enacted in this form, under a title sufficiently comprehensive.

It seems to us that the reasoning in *Robinson* v. *Skipworth*, and *Hingle* v. *The State*, is not only perfectly consistent with, but gives undoubted support to, the judgment of the court in *Igoe* v. *The State*; and that to

overrule that case, and affirm the one now in judgment, would be a practical nullification of a most wise and salutary constitutional provision.

As it seems to be conceded in the argument that if the section in the original act is void, the act amendatory of that section must also fall, a point decided in *Igoe* v. *The State*, there remains, it is apparent, no ground upon which the judgment below can stand.

The judgment is reversed, and the cause remanded, with directions to the court below to set aside all proceedings subsequent to the motion to quash the information, and to sustain that motion.

*M. M. Ray, J. W. Gordon, A. G. Porter, B. Harrison, W. P. Fishback, T. A. Hendricks, S. E. Perkins, O. B. Hord* and *E. W. Kimball,* for appellant.

*D. E. Williamson,* Attorney General for the State.