NEW ENGLAND FIRE AND MARINE INSURANCE COMPANY *v.* ROBINSON.

,PAROL CONTRACT OF INSURANCE.—A made an application to the agent of a foreign insurance company to insure a building against loss by fire. The proposition was forwarded to the president of the company, who, by letter to the agent, accepted the risk to the amount of $1,000, and a parol contract was thereupon made with the agent for an insurance for one year. By arrangement with the agent the policy was to be delivered when called for, and the premium was to be paid by A within five days. Before the expiration of that time, and before the payment of the premium, the building was destroyed by fire. A immediately tendered the amount of the premium and demanded his policy, which was refused. Suit by A to recover the amount insured.

*Held,* that the contract of insurance was complete, and binding upon the company.

*Held,* also, that the policy of insurance which the company agreed to issue was not the foundation of the action, and hence it was not necessary to file a copy of it with the complaint.

,*Held,* also, that it was not necessary that the complaint should be special, and show that the conditions had been complied with, as the refusal of the company to issue the policy was a waiver of the conditions precedent.

,*Held,* also, that it was not necessary that the complaint should show a compliance by the agent with the requirements of the " act respecting foreign corporations."

,*Semble,* that a contract of a foreign corporation, made in violation of a statute designed for the protection of our citizens, would not, as to the latter, ,be void.

CORPORATIONS.—POWERS.—Corporations, along with the express and substantive powers conferred by their charters, take by implication all the reasonable modes of executing such powers which a natural person may adopt in the exercise of similar powers.

PAROL CONTRACT OF INSURANCE.—The 6th section of the charter of the *New England Insurance Company* provides that "the policies and other contracts of said company may be made with or without the seal of the company, and shall be signed by the president and countersigned by the secretary, and being so signed and executed shall be obligatory on said company."

*Held,* that unless specially restrained by its charter, an insurance company may make a valid contract of insurance by parol, and that the sixth section did not impose such restraint upon this company.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—*Robinson,* assignee of *Hill,* sued the appellant in the court below upon an oral contract to insure.

The complaint alleges that *Hill* was the owner of a saw and planing mill and its contents, located on *East* street in the city of *Indianapolis,* of the value of $5,000, and that one *Dunlop* was the appellant's local agent at *Indianapolis;* that *Hill* made a written application to the company, through said agent, to insure for him the building and its contents against loss by fire, stating the amount of insurance desired; that *Hill* then proposed to pay the company a premium of five per cent. for the insurance; that the proposition was forwarded to, and "to insure for $1,000" accepted by the company; that, in consideration of this, the company promised and agreed with *Hill* to insure the building and contents for one year, against loss by fire, to the extent of $1,000, and it was then agreed that the premium should be paid by *Hill* five days thereafter; that when the contract was entered into the company had, and still have, in their possession printed policies, duly signed by their president and countersigned by their secretary, which policies are in this form issued by the company to their local agents, to be by them filled up in accordance with the terms of the contract with the person desiring to insure, which policies are issued to and held by said agents for the mutual benefit,

security and convenience of the company and persons so contracting, until they shall be duly filled up and countersigned by the local agent; that when the contract of insurance was entered into, *Dunlop*, as the local agent through whom it was made, had in his possession a policy so signed by the president and countersigned by the secretary, which had been issued to him by the company for the purpose aforesaid, and which he was expressly authorized and directed by the president, by and through a letter which assented to the insurance to the amount of $1,000, and recognized the contract of insurance, which letter was signed by the president, to fill up with the terms of the contract, and to countersign and deliver; that when the contract was made, *Dunlop* declared to *Hill* that the policy was ready to be delivered, and that *Hill* could have it at any time by calling for it at the company's office in *Indianapolis;* that afterward the mill and contents were consumed by fire, of which the company then and there had notice; that *Hill* was damaged to the amount of $1,000 and more; that at the time agreed upon *Hill* tendered to *Dunlop*, as agent of the appellant, $50, the amount of the premium, and demanded of him the execution and delivery of the policy, but he refused to issue the policy or to pay the $1,000. The complaint then alleges the assignment by *Hill* to the plaintiff of his contract with the company. A demurrer to the complaint was overruled, and this presents the first question in the case.

We think the complaint shows a complete contract to insure; that the facts averred show that the terms of the agreement were fully settled between the contracting parties, including the time when the premium was to be paid. The policy of insurance, which the company agreed to issue, was not the foundation of the action, and a copy thereof was not, under the code, required to be filed with the complaint. The company having refused to issue the policy, it was not necessary that the complaint should be special, and show the conditions complied with. *Tayloe* v.

*The Merchants' Fire Insurance Company*, 9 Howard, (S. C.,) R. 390, (18 Curtis 191.) The conditions precedent were waived by the refusal of the company to issue the policy. *Post* v. *The Ætna Insurance Company*, 43 Barb. S. C. R. 351.

It is urged in argument that the complaint is bad for not showing a compliance by the local agent of the company with the requirements of the "act respecting foreign corporations and their agents in this State." 1 G. & H. 272. It is contended that under this law all contracts of foreign corporations are void, and that the exception to the rule is where they comply with its provisions, and that the complaint must therefore show such compliance. We do not so regard that statute. The object of the legislature was to protect our citizens in their dealings with such corporations, by requiring the agents, before entering upon their duty, to deposit in the clerk's office of the county where they propose doing business the power of attorney or other authority under or by virtue of which they act as agents, together with a duly authenticated order, or other sufficient authority of the board of directors or managers of such corporation, authorizing citizens or residents of this State, having a claim or demand against such corporation, arising out of any transaction in this State with such agents, to sue for and maintain an action in respect to the same in any court of this State of competent jurisdiction, and further authorizing service of process in such action on the agent to be valid service on the corporation, and that such service shall authorize judgment and all other proceedings against such corporation. §§ 1, 2. Section 4 provides that "such foreign corporations shall not enforce in any court of this State, any contracts made by their agents, or persons assuming to act as their agents, before a compliance by such agents, or persons acting as such, with the provisions of sections 1 and 2 of this act."

Section 7 provides that "any person acting as agent of foreign corporations as aforesaid, neglecting or refusing to comply with the foregoing provisions as to agents, shall,

upon presentment or indictment, be fined in any sum not less than $50."

In *Deming* v. *The State ex rel Miller*, 23 Ind. 416, this court held that the general rule is that the courts will not enforce contracts prohibited by statute, nor allow the recovery of money paid in pursuance of them, but the parties will be left without remedy, whenever they are *in pari delicto.* But this rule is not applicable where the contract is prohibited for the mere protection of one of the parties, against an undue advantage which the other party is supposed to possess over him. It would seem to follow that the contract of a foreign corporation, made in violation of a statute designed for the protection of our citizens, would not, as to the latter, be void. Moreover, this view is strengthened by the fact that the act itself provides what shall be the effect of such violation on the contract. But, in *The Rising Sun Insurance Co.* v. *Slaughter et al.*, 20 Ind. 520, this court held that contracts made in contravention of this statute are void, and we do not feel called upon in the case in judgment to review that case. We are clear that it is not the duty of the court to presume, in favor of the defendants, a violation of the statute. The fact that the defendant submitted to the jurisdiction of the courts of the State is some evidence that the statute was in fact complied with.

The question of the most importance, however, in the case at bar, and one argued with marked ability by counsel, arises on the ruling of the court below in sustaining a demurrer to the fourth paragraph of the answer. That paragraph alleges that the appellant is a corporation created by a resolution of the *Connecticut* legislature, which resolution is the company's charter, and contains the power to make insurances; that by the 6th section all policies and all assurances and other contracts made by the company are required to be in writing, and signed by the president and countersigned by the secretary; and that no policy or other assurance or contract in writing was ever granted to *Hill,* signed by the president and countersigned by the secretary.

Said 6th section is copied and made part of the paragraph. The material part of it is as follows:

"Said corporation may make insurance against the loss by fire on all kinds of real, mixed and personal property of every description,    *    *    *    and said corporation shall be liable to make good, and to pay to the several persons who may or shall be insured by said corporation for, all losses they may sustain in the subject matter insured, in accordance with the terms of insurance and the form of the policies issued by said company; which said policies, and all other contracts of said company, may be made with or without the common seal of said company, and shall be signed by the president, or vice president, and countersigned by the secretary, and being so signed and executed, shall be obligatory on said company."

It is contended that the company, under its charter, could not contract in any other manner than that specified in this section; that their charter, being the enabling act which alone authorized them to contract, and the 6th section having specified the mode of making contracts of insurance and other contracts, all other modes and forms of making or agreeing to make insurance are necessarily excluded, and hence the parol agreement alleged to have been entered into with *Hill* was unauthorized and void. It is well settled that corporations must act within the powers conferred by the organic laws under which they are created. This rule is not inconsistent with another, which is that corporations, along with the express and substantive powers conferred by their charters, take by implication all the reasonable modes of execution which a natural person may adopt in the exercise of similar powers. The business of insurance, for example, is not in its nature a corporate franchise. Any person may engage in it, unless forbidden by law, and his contracts of that nature, whether by parol or in writing, will be valid. So, when a general authority to engage in that business is given to a corporation in express terms, and there are no special restraints in its charter, it takes the power as a

natural person enjoys it, with all its incidents and accessories. It may bind itself in any mode and form of obligation which is not forbidden. If a private person can agree by parol to make insurance, so can a corporate body, unless the power of thus contracting is plainly denied to it by its organic law. *The Trustees of the First Baptist Church* v. *The Brooklyn Fire Insurance Company*, 19 N. Y. 305; *Post et al.* v. *The Ætna Insurance Co.*, 43 Barbour's S. C. R. 351. We do not think that the 6th section denies to the appellant the right to enter into parol agreements to insure. See *Constant* v. *The Alleghany Insurance Co.*, 1 Am. Law Reg. N. S. 116; *Cole* v. *Green*, 46 Eng. Com. Law 870; 6 Man. & Gran. 872; *Myers* v. *The Keystone Insurance Co.*, 27 Penn. 26.

The judgment is affirmed, with costs, and five per cent. damages.

RAY, J., having been of counsel below, was absent.

*S. Major, T. A. Hendricks, O. B. Hord, H. C. Newcomb* and *J. S. Tarkington,* for appellant.

*A. G. Porter, W. P. Fishback* and *B. Harrison,* for appellee.

---

NOTE.—The following cases which were examined by Chief Justice FRAZER in the consideration of the case of *Hynds* v. *Hays, ante* p. 31, will be of interest to such of the profession as may desire to trace the course of the adjudications on the subject of illegal contracts: 4 Wash. C. C. R. 297; 11 Wheat 258; 4 Denio 68; Chit. Con. 657; 4 Comst. 449; 9 Wend. 175; 7 Taunt. 246; 2 Bing. N. C. 796; 2 C. M. & R. 311; 1 Caines 104; 6 Ohio 21; 4 *id.* 400; 7 *id.* 76; 11 Serg. & R. 164; 4 Pick. 314; Cowp. 343; 9 Vt. 310; 10 *id.* 338; 1 S. & M. 45; 4 N. H. 285; 1 McLean 300; 2 *id.* 277; 8 Dana 71; 7 Paige 616; 6 Dana 91; 11 Vt. 592; 9 *id.* 23; 8 Johns 253; 5 N. H. 196; 6 *id.* 225; 1 Hoff. 479; 5 C. & P. 19; 1 Moo. & R. 100; 2 Bing. N. C. 646; 3 Scott 59; 4 M. & W. 654; 7 C. & P. 60; 7 Scott 317; Cro. Eliz. 199; Cro. Jac. 103; 2 Taunt. 226; 1 Bing. N. C. 662; 1 Scott 730; 5 Bing. N. C. 341; 15 Pick. 159; 3 N. H. 225; 5 Cow. 547; 13 Wend. 53; 5 Cow. 162; 7 T. R. 200; 6 *id.* 405; 2 B. & C. 661; 1 B. & A. 53; Yelv. 56; 8 Mass. 51; Sid. 38; 2 Kent Com. 467–8; 8 East 231; 13 *id.* 87; 15 *id.* 440; Hob. 14; 11 Co. 27 *b*; 5 Taunt. 727; Hugg, Adm. R. 176; 2 Wils. 351; 11 East 165; 3 Leon. 208; 1 Johns 362; 8 East. 231, and 8 T. R. 412; Com. on Cont. 26.