### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1872, IN THE FIFTY-
SEVENTH YEAR OF THE STATE.

---

## HOFFMAN v. BANKS.

FOREIGN INSURANCE COMPANIES.—*Statutes of 1852 and 1865.—Premium*
*Note Void.*—The act of December, 1865, relating to foreign. insurance com-
panies, was intended as a substitute for the act of 1852, so.far. as the latter act
related to such companies; and when the provisions of the act of 1865 are
complied with, and the auditor of state issues his certificate authorizing the
agent to act as such, his authority as agent is complete.. Where a premium
note was given for a policy in a foreign company, which.had not complied
with the law, and no certificate had been issued to the agent receiving the
note, it was *held* that the note was void.

APPEAL from the Lake Circuit Court..

OSBORN, J.—On the 29th day of April, 1870, the appellant
executed his promissory note, payable five months after date;
to the appellee, for twenty-five dollars and twenty cents.
Suit was instituted upon the note before a justice of the
peace, and judgment rendered against the maker. He ap-
pealed to the circuit court. In that court there was a trial,

and finding for the appellee for the amount of the note and interest.   Motion for a new trial overruled, exceptions, and judgment on the finding.

The ground of the motion for a new trial was, that the finding was contrary to the evidence; and the error assigned is, that the court erred in overruling that motion.

The evidence is all set out in the bill of exceptions, and as the testimony of the appellant is brief, we state it, as follows:

" I executed the above note; I gave said note for life insurance in the World Mutual Life Insurance Company, of New York; I gave the note as payment of first premium of twenty-five dollars to said World Mutual Life Insurance Company of New York; I was insured for one thousand dollars; I gave the note to C. W. Banks; he was the agent of the company; I gave the said note at the time I made application for insurance; I did not notice at the time whether the note was made to the insurance company or C. W. Banks, the agent; I supposed it was running to the company; I made application for insurance to C. W. Banks, the agent; I gave C. W. Banks, the agent, no power or authority to pay in advance any money for me to the insurance company; if he did advance any money for me to the company on that note, he did so on his own authority and responsibility; I don't know whether the company got the twenty-five dollars or not; I got my policy from the company in May, 1870; I offered the policy to Banks the last time he was out here—some time in the fall of 1870—and told him I would pay the survey fee and the examining surgeon's fee; he did not do so."

The clerk of the court testified that no statement of the company was on file in his office on the day of the date of the note, and none filed on the first day of January, 1870; and no power of attorney, or statement of any kind, of the company, on file in his office between the 1st day of January and the 29th day of April, 1870.

A certificate of the auditor of state was introduced, bear-

Hoffman *v.* Banks.

ing date December 22d, 1870, reciting that the company had filed in his office the statement required under the act of the General Assembly of December 21st, 1865 (3 Ind. Stat. 312), and stating, amongst other things, that the statement showed the condition of the company on the 1st day of July, 1870, and that R. H. Wells was authorized, by a written instrument duly executed by the company, to act as agent for the company for Lake county, to acknowledge service of process for and on behalf of the company, and consenting that such service should be taken and held to be as valid as if served upon the company, and waiving all errors by reason of such service; and Wells is thereby authorized to transact the business of insurance as agent of the company.

The policy of insurance was not in court, but the defendant admitted that he received it; that it was in the usual form, signed by the president and countersigned by the secretary of the company; and showed the receipt of the twenty-five dollars premium.

The appellee offered no other evidence than the note, which purported to be made at "Crown Point, Indiana."

The main point in the case, and the only one that we consider it necessary to decide, strikes at the validity of the note. It will be seen, by a reference to the evidence, that the note was dated in April; that the policy of insurance was issued in May; that the statement of the company could not have been filed with the auditor prior to the 1st day of July, because it showed the condition of the company on that day; and that the authority to Wells to act as agent was given by the auditor on the 22d day of December. No such authority was ever given to the appellee to act as such agent.

In *The Rising Sun Insurance Co.* v. *Slaughter*, 20 Ind. 520, this court held that the act respecting foreign corporations, etc., approved June 17th, 1852 (1 G. & H. 272), included foreign insurance corporations; and that a policy issued by a foreign company under a contract therefor, entered into in this State by one assuming to act as the agent for the com-

pany, and holding himself out as such, without having first complied with the requirements of the law, was void.

The first section of that act provides, "that agents of corporations, not incorporated or organized in this State, before entering upon the duties of their agency in this State, shall deposit in the clerk's office of the county where they purpose doing business therefor, the power of attorney, commission, appointment, or other authority under or by virtue of which they act as agents."

The second section relates to filing a resolution, etc., of the company authorizing suits to be brought against them in the courts of this State, and for service of process on their agents.

The fourth section provides, that "such foreign corporations shall not enforce in any of the courts of this State, any contracts made by their agents or persons assuming to act as their agents before a compliance by such agents, or persons acting as such, with the provisions of sections 1 and 2 of this act."

By the 1st section of an act of the General Assembly of this State, approved December 21st, 1865 (3 Ind. Stat. 312), it is enacted, "that it shall not be lawful for any agent or agents of any insurance company incorporated by any other state than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the auditor of state." It then prescribes what shall be done to authorize the auditor to issue his certificate.

Section 7 provides, that "any person or persons violating the provisions of this act, shall, upon conviction thereof, in any court of competent jurisdiction, be fined, in any sum not exceeding one thousand dollars, or imprisonment in the county jail not more than thirty days, or both, at the discretion of the court."

Counsel for the appellant contend that the provisions of both acts apply to foreign insurance companies, and that

such companies must comply with the requirements of both, before their agents can legally transact business for them.

At the session of the legislature at which the act in relation to foreign corporations was passed, the legislature also passed an act for the incorporation of insurance companies, etc. In that act was included a section in relation to foreign insurance companies, relative to their agencies, and what must be done before the agent could act as such. That section was pronounced invalid by this court, on the ground that it was unconstitutional. *Igoe* v. *The State*, 14 Ind. 239.

In the case of *The Rising Sun Insurance Co.* v. *Slaughter*, *supra*, it was contended that the legislature did not intend to include foreign insurance companies in the act in relation to foreign corporations, because it had made other provisions relative to them by another act; but the court held, "that an attempt to show that the subject-matter of legislation, evidently included in the terms thereof, had been the subject of other, but unconstitutional, action, should not be permitted."

That decision was made in May, 1863. In December, 1865, the act regulating foreign insurance companies, etc., was passed. By the provisions of that act, the acts required of the companies were entirely different from those required by the act in relation to foreign corporations. The statement was required to be filed in the office of the auditor of state, who was to issue certificates of authority to the agents. By section 3, he was to have a fee of five dollars in each case for the examination of the statement and investigation of the evidences of investment, and two dollars for each certificate of authority issued under the provisions of the act, to be paid by the agent or agents applying for the same. Section 5 declares that all papers required by the act to be deposited in the office of the auditor, certified under the hand of such auditor to be true copies of such papers, shall be received as evidence in all courts and places, the same as the originals.

Section 1 of the act of 1865 confers power upon the audi-

tor to issue a certificate of authority to an agent to act as such, and section 3 fixes the fee for it.

We think that act was intended by the legislature as a substitute for the act of 1852, so far as the latter related to foreign insurance companies, and that when the provisions of the act of 1865 are complied with, and the auditor of state issues his certificate authorizing the agent to act as such, such certificate will be a sufficient authority for him to legally transact business for the company.

At the time of the execution of the note in this case and the delivery of the policy, the auditor had not issued a certificate authorizing Banks, or any one else, to act as the agent of the company in Lake county, nor had the company filed with the auditor any statement, as required by the act of 1865, or in any manner complied with its requirements; and that brings us to the question of the validity of the note.

The appellee contends that as long as the appellant holds the policy, it is unjust for him to refuse to pay the note. He thinks the policy valid, and that therefore the note is also valid; and we are referred to 25 Ind. 536, as practically overruling 20 Ind. 520.

The action in 25 Ind., *supra*, was instituted to recover upon an agreement to insure. The complaint was silent as to whether the agent of the company with whom the agreement was made had complied with the requirements of the law or not. A demurrer was filed to it, and the counsel for the company contended that all contracts of foreign corporations were void, and that the exception to the rule was where they comply with the provisions of the law; and that the complaint was bad for not showing such compliance. The court held, that in the absence of any averment showing a violation of the law, it would not be presumed. The judge who delivered the opinion of the court admitted the general rule of law to be, that the courts would not enforce contracts prohibited by statute; and he also said that the rule was not applicable where the prohibition was for the

mere protection of one of the parties against an undue advantage which the other was supposed to possess over him.

In this case, the party seeking to enforce the contract is not the one that the legislature proposed to protect. The contract is not only declared to be unlawful, but any person violating the provisions of the act is liable to be prosecuted and punished by fine and imprisonment.

We hold that the note is not valid, and that a new trial ought to have been granted. As the case does not require it, we give no opinion as to the validity of the policy of insurance.

The judgment of the said Lake Circuit Court is reversed, with costs; and the cause is remanded to said court, with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.*

*M. Wood* and *T. J. Wood*, for appellant.

*E. C. Field* and *J. Barnard*, for appellee.

*Petition for a rehearing overruled.