UNITED STATES DISINTEGRATING ORE CO. (GOLD AND SILVER ORE SEPARATING CO. v.). See Case No. 5,508.

UNITED STATES EXPRESS CO. (UNITED STATES v.). See Case No. 16,602.

UNITED STATES INS. CO. (CRAIG v.). See Case No. 3,340.

UNITED STATES INS. CO. (HENNING v.). See Case No. 6,366.

UNITED STATES INS. CO. (MAREAN v.). See Case No. 9,064.

UNITED STATES INS. CO. (SCHWARTZ v.). See Case No. 12,505.

---

## Case No. 16,792.

### UNITED STATES LIFE INS. CO. v. ADAMS et al.

[7 Biss. 30.] [1]

Circuit Court, D. Indiana.   June, 1873.

BOND OF INSURANCE AGENT—LOCATION OF AGENCY.

1. In Indiana it is not essential to the validity of the bond of the agent of an insurance company that he should have previously filed in the circuit court the papers required by the state statute.

2. The fact that the agency is not established in any particular county, does not avoid the obligation of the sureties.

This was an action of debt by the United States Life Insurance Company against Alfred B. Adams, the agent of the company, and his sureties. The declaration was on a bond in the penal sum of two thousand dollars, dated the 4th day of November, 1870, executed by the agent and other defendants, conditioned for the faithful performance by him of his duties as the agent of the insurance company, while transacting business in this state. The breach alleged in the declaration was that the agent did not pay over moneys to the principal which were collected by him in the course of his agency. To this

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

declaration there was a plea by the defendants that the insurance company was a foreign company, created under the laws of New York; that the agent was appointed for the southern half of Indiana, and that all the moneys received were received by him as agent for the southern half of the state; that no statement was made to the auditor of state, or certificate given by him to the agent, as the law required; that there was no written instrument filed authorizing the acknowledgment of service of process by the agent, and that the statement and the certificate of the auditor were not filed in the office of the clerk of the circuit court of the county in which the agency was established. To this plea there was a replication by the plaintiff that the statement and evidence were filed in the auditor's office, setting out all the facts required by law, and the statement was in the replication; by which it appeared that it was filed in January and July, 1870; and it was alleged that the certificate of the auditor was issued after these papers were filed, authorizing the agent to transact business in Indiana. It also stated that, as to not filing the papers in the clerk's office at the circuit court of the county wherein the agency was established, that was an omission of the agent and not of the company, and that the requirement of the statute in that respect was merely directory, and not a condition precedent to the transaction of business. To this replication defendants filed a demurrer.

Baker, Hord & Hendricks, for plaintiff.
McDonald & Butler, for defendants.

Before DRUMMOND, Circuit Judge, and GRESHAM, District Judge.

DRUMMOND, Circuit Judge. The first question is as to the validity of the bond. Was the bond, at the time it was executed and delivered to the plaintiff, a valid bond under the laws of this state? It is to be observed that it was executed after the certificate was given to the agent by the auditor, and although the agent had not filed the papers in the office of the circuit court of any county in the state, still there was nothing to prevent the execution and delivery of a bond covering the acts of the agent in the transaction of his business before that was done; so I know of no good reason why the bond, at the time it was delivered, was not a valid bond, at common law and under the laws of this state. The agent, by the certificate of the auditor, was authorized to transact business for his company in the state of Indiana, and the omission to file the paper in the office of the circuit court was of an act which the statute imposed upon him, the agent. It will also be observed that while the act of 1865 declares that it shall not be lawful for any agent of a foreign insurance company, directly or indirectly, to take risks or transact any business of insurance in the state, without first producing a certificate of

authority from the auditor of state, it imposes no such condition as to filing papers in the office of the circuit court, so that we have to interpolate into the act of 1865 language declaring that it is a condition precedent, or to asume that, as a necessary implication of the statute. All the decisions which have been referred to on the part of the defense, of the supreme court of this state, under this or similar statutes (Daniels v. Barney, 22 Ind. 207; Barney v. Daniels, 32 Ind. 19; Hoffman v. Banks, 41 Ind. 1), and in which the court held or intimated that a bond given would be invalid as against the sureties, were made where the bond was given before the acts were done which were declared to be conditions precedent by the statute. And in the case of United States Exp. Co. v. Lucas, 36 Ind. 361, and in some other cases, the supreme court of this state concedes, that, although the agent may have collected money for a company, when the money was received in the performance of acts not warranted by law, yet, when received, the agent was bound to pay it over to his principal. So that as to the time and circumstances under which a bond was given, and which the supreme court of this state have held it invalid, it is different from this case, in that the law does not expressly declare that, until the filing of the papers in the clerk's office of the circuit court, any act done shall be unlawful. If the bond was valid when executed, in this case, and we think it must be so considered, it only became unlawful by matter ex post facto, and we can see no objection to its affording protection to the company for unlawful acts of the agent. In Daniels v. Barney, in 22 Ind., a case already referred to, the supreme court says, that if it was executed to cover illegal as well as legal acts, the bond was void ab initio. That would be undoubtedly true, provided, at the time it was executed it was absolutely illegal; but, as we have seen in this case, there was nothing to render the execution of the bond of the 4th of November, 1870, illegal. If every provision of the law were complied with prior to the transaction of business by the agent, and a bond were given, it could hardly be claimed that the bond would be inoperative as to the lawful operations of the agent simply because, in the course of his business, he might do something not authorized by the statute. The rule in such cases must necessarily be, that the bond would stand as to legal acts and fall as to those that were illegal. Now conceding that the agent did not, in this case, comply with the law in filing the papers in the office of the clerk of the circuit court of the county; yet, when he collected money for his principal, it was not only lawful for him to pay it over, but he was bound to do so. Then the obligation of the surety is to make him perform, as to that, a legal obligation. The law implies a promise on the part of the agent to pay the money, and it is on

that promise that the action is maintained against the agent, irrespective of the manner in which the money came into his possession, and it is for the doing of that which it is the agent's duty to do, and not for his illegal acts, that the surety is bound.

But, independent of all this, the plea alleges that the agent received the money in the course of his employment, and agency, in the business of the company in the southern half of Indiana, and does not aver that his agency was established in any county, or that the money was received there. The language of the statute is that the papers shall be filed by the agent in the clerk's office of the circuit court of the county where the agency is established. What if no agency is established in any particular county in the state? What if he is an ambulatory agent, as this one seems to have been, authorized to transact the business throughout the southern half of the state, and there was not, in point of fact, any agency established in any one county; what becomes then, of the obligations of sureties on a bond which they have executed? It may be conceded that the language used by some of the judges in the cases decided by the supreme court of this state indicates a general rule—that while the agent is liable to his principal for money received by him in transacting business not authorized by law, the sureties on a bond are not so liable. But considering the plain equity of this case, and the clear intent of the parties when they subscribed this bond as sureties, I do not feel inclined to relieve them of their obligations unless there is some decision of the supreme court of the state upon the identical question which is now before this court, and I think the cases which have been decided by that court may be distinguished from the one now before this court.

For the reasons given, therefore, the demurrer to the replication will be overruled.

I will say, in conclusion, that the only question made by the defendant's counsel is as to the point which I have been considering, viz: the consequences of not filing the papers in the clerk's office of the circuit court. No objection is made to the statements contained in the replication, and it is not contended but that they have in all respects complied with the demands of the statute, both as to what the statement shall contain, and also as to the authority of the agent to acknowledge service of process; and it will be recollected that the question here is not between the state or its citizens, complaining that the agent has omitted to do what the statute requires, but between the agent himself and his principal, and between the principal and the sureties of the agent. And I confess that distinction is a nice one which insists that the agent is responsible to his principal for money had and received, and yet at the same time asserts that he cannot give a bond obliging him to pay it over; nor can another for him as surety.