THE UNION CENTRAL LIFE INSURANCE COMPANY ET AL. *v.* THOMAS. ,

FOREIGN INSURANCE COMPANY.—*Effect of Non-Compliance with Statute.*—The prohibition against foreign insurance companies doing business in this State without compliance with the statute, extends to the company as well as to the agent of the company, and a contract evidenced by a policy issued without such compliance is invalid.

VOID CONTRACT.—*Rescission.*—Where a contract is void, the doctrine relating to the rescission of a contract, as to the time within which it may be rescinded, does not apply.

PRACTICE.—*Admission of Evidence.*—Where no ground of objection to evidence admitted has been pointed out to the court below, no question as to the admission of evidence can be considered by the Supreme Court.

FOREIGN INSURANCE COMPANY.—*Principal and Agent.*—*Statements of Agent.*—In an action against a foreign insurance company to recover money paid as a premium on a void policy, the declarations of the agent made after the transaction, stating that he was the agent of the defendant, that as such agent he had not, at the time the policy was issued, filed the certificate with the county auditor as required by the statute, but that afterward one was filed, and that he was the general agent of the company, and as such countersigned the policy, were inadmissible as evidence against the insurance company.

From the Cass Common Pleas.

*J. C. Nelson* and *T. S. Rollins,* for appellants.

*J. M. Howard,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellants, commenced April 15th, 1871. The complaint consisted of two paragraphs. The first was for money loaned, money paid, laid out, and expended, and money had and received. The second paragraph was to recover back an amount of money which had been paid by the plaintiff as the cash premium for a policy of life insurance from the company, through its agent, Gibson, who was made a defendant with the company. The ground of recovery relied upon was, that the company and its agent had not, when the policy was issued, complied with the first section of the act of December 21st, 1865, 3 Ind. Stat. 312, by furnishing to the Auditor of State the statement, obtaining the certificate of authority, and filing the same in the office of the clerk of the

circuit court, as contemplated and required by the said section. The paragraph alleged an offer to return the policy, and a demand for the repayment of the money, before the commencement of the action. The policy bears date October 15th, 1870. A demurrer to the second paragraph of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was filed by the defendants, overruled by the court, and an exception taken by the defendants.

The defendants answered by a general denial; the issue was tried by the court; there was a finding for the plaintiff as against the company, motion by the company for a new trial overruled, and final judgment for the plaintiff against the company, and in favor of Gibson, the other defendant, for costs.

The errors assigned are the overruling of the demurrer to the complaint, and the refusal to grant a new trial.

Two objections are urged to the second paragraph of the complaint; first, that the statute only regulates the conduct of insurance agents, and does not vitiate the policies issued; and, second, that the rescission was not in time. The first section of the statute provides, that it shall not be lawful for any agent or agents of any insurance company, incorporated by any other state than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the Auditor of State; and before obtaining such certificate, such agent or agents shall furnish the auditor with the statement required by that section of the act, under the oath of the president or secretary of the company. It is also required that the agent shall file the certificate so obtained by him, together with a certified copy of the statement on which it was obtained, in the office of the clerk of the circuit court of the county in which such agency is established, etc. It seems to us, that this statute evidently requires acts to be done by the company, as well as by the agent. The various matters required to be shown by the statement to be furnished to the auditor can only come from.

the books of the company, and the statement must be under the oath of the president or secretary of the company. We think the prohibition against doing business, unless the statute has been complied with, extends to the company as well as to the agents of the company ; and according to the general rule that contracts in violation of a statute are void, the contract evidenced by the policy so issued must be invalid. The case of *The Rising Sun Ins. Co.* v. *Slaughter*, 20 Ind. 520, upon a statute much like this, seems to be in point. In that case the contract of insurance was held void. And see *Washington Co. Mutual Ins. Co.* v. *Hastings*, 2 Allen, 398 ; *Williams* v. *Cheney*, 8 Gray, 206 ; *Jones* v. *Smith*, 3 Gray, 500 ; *Ætna Ins. Co.* v. *Harvey*, 11 Wis. 394. The party paying the money is not so far *particeps criminis* as to prevent him from recovering back the money paid. *Deming* v. *The State*, 23 Ind. 416 ; *New England, etc., Ins. Co.* v. *Robinson*, 25 Ind. 536.

As the contract was void, we do not see any place for the doctrine relating to the rescission of contracts.

Several questions are presented, arising under the assignment of errors relating to the overruling of the motion for a new trial. We will not consider them in the order in which they are made in the motion.

The defendants objected to the introduction in evidence of the policy of insurance ; and the ground of objection, as stated in the brief, is, that although it is referred to in the complaint and professedly made a part of it, the action is not founded on it, and it was not therefore admissible, without proof of its execution. Had this objection been urged in the common pleas, it is possible that it would have prevailed ; but the bill of exceptions does not show that any objection to its being read in evidence was made, in which the ground of objection was stated. This will, we presume, be received as a sufficient reason why this objection cannot prevail.

A witness for the plaintiff, being one of his attorneys, testified to a conversation with the defendant, Andrew J. Gib-

son, in which Gibson said he was the agent of the insurance company; that he tendered to Gibson the policy, and demanded of him the amount of money which Thomas, the plaintiff, had paid to him for the company, two hundred and forty dollars and fifty cents; that he refused to receive the policy, and refused to pay the money; that Gibson stated also that he, as agent of the company, had filed no certificate of the Auditor of State in Carroll county, as required by law, at the time the policy was issued; that Gibson stated, that afterward there was one filed; that he stated further, that he was the general agent of the company, and as such had countersigned the policy; that he understood him to say he had sent the money to the company, at Cincinnati; and that this conversation occurred a few days before this suit was commenced.

The insurance company objected to the proof of the statement of Gibson that he was the agent of the company; also, to proof that he stated that he had filed no certificate of the Auditor of State in the clerk's office; also, to evidence of his statement that he had countersigned the policy; on the ground that the same was hearsay, and inadmissible. The company also moved the court to strike out all the evidence of the statements of Gibson. The objection and motion were both overruled.

It is not easy to see why Gibson, the alleged agent, was made a defendant in the action, since the witness who testified that he said he had paid the money over to his principal was one of the plaintiff's attorneys, and knew that fact before the action was brought. The question presented is, was the evidence of the statements of Gibson, to which the company objected, admissible against the company? We think it was not admissible as evidence against the company. Whatever the agent does, in the lawful prosecution of the business of the agency, is the act of the principal whom he represents; and where the acts of the agent are admissible, his declarations and admissions respecting the subject-matter will also bind the principal, if they are made at the time,

and constitute part of the transaction. The party's own admissions, whenever made, may be given in evidence against him ; but the admissions or declarations of his agent bind him only when made in regard to a transaction then pending, and, as the writers say, *dum fervet opus.* 1 Greenleaf Ev., sec. 113.

It is quite clear to us, that the declarations of Gibson, conceding that he was the agent of the company, to which objection was made, were inadmissible against the company. It would be a strange rule of evidence which would allow the declarations of an alleged agent to be received in proof of the agency. The other declarations related to matters which had long since passed, and not to a matter then depending. There was no joint or other interest between Gibson and the company, which could make his declarations admissible against the company. He seems to have been a man of straw, introduced, possibly, with a view to the use of his admissions as evidence in the case.

The judgment is reversed, with costs, and the cause remanded.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.