## THE FARMERS AND MERCHANTS INS. CO. *v.* HARRAH.

FOREIGN INSURANCE COMPANY.—*Statutory Restrictions.*—Before an insurance company incorporated by another state can lawfully transact business in this State, it must conform to the requirements of our laws, and must procure a certificate of authority from the Auditor of State.

SAME.—*Construction of Statutes.*—*Repeal by Implication.*—The act approved March 9th, 1855, repealed by implication, so far as foreign insurance companies were concerned, the act of June 17th, 1852, 1 G. & H. 272. The two acts were repugnant. They could not both stand and be enforced. In such case, the last expressed will of the legislature must prevail.

SAME.—The act approved December 21st, 1865, is a substitute for the act of March 9th, 1855.

SAME.—*Constitutional Law.*—This State has the constitutional right to prescribe the terms on which corporations organized in other states of the Union may transact business in this State.

SAME.—While corporations are recognized as citizens, for some purposes, of the state of their creation, a corporation is not a citizen within the meaning of that

The Farmers, etc., Ins. Co. *v.* Harrah.

clause of the Constitution of the United States, which declares that the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states; and a corporation created by a state can exercise none of the functions or privileges conferred by its charter in any other state, except by the consent and comity of the latter.

From the Greene Circuit Court.

*R. R. Taylor, A. C. Cavins, E. H. C. Cavins,* and *H. Burns,* for appellant.

*E. E. Rose,* for appellee.

BUSKIRK, J.—This was an action by the appellant, a foreign insurance company, against the appellee, upon a premium note. There was issue, trial by the court, and a finding for appellee, motion for a new trial overruled, and judgment on the finding. The only error assigned is overruling the motion for a new trial.

The appellant offered in evidence a resolution, adopted by the appellant as required by the second section of "an act respecting foreign corporations and their agents in this State," to which the appellee objected, upon the ground that it was not certified in the manner required by the law. It was certified under the seal of the corporation. It is contended that it should have been a sworn copy, as required by section 284 of the code, 2 G. & H. 184. We do not find it necessary to decide the question discussed. The resolution or order was passed and certified on the 18th day of November, 1863. The order was passed and certified, as is shown by the order, in pursuance of the second section of the act approved June 17th, 1852, 1 G. & H. 272. Such act was not in force at that time. The second section of that act required, as a condition precedent to the right to take risks or transact any business, that a duly certified copy of an order, or resolution, authorizing any agent transacting business in this State to acknowledge service of process in any action against such company, to be filed with the clerk of the circuit court of any county in which such company proposed to take risks or transact business.

The act approved March 2d, 1855, repealed, by implica-

tion, the act of June 17th, 1852, so far as foreign insurance companies are concerned. By the later act, it is provided, "that it shall not be lawful for any agent or agents of any insurance company, incorporated by any other state than the State of Indiana, directly or indirectly to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the Auditor of State." The two acts are repugnant. They can not both stand, and be enforced. In such case, the last expressed will of the legislature is to prevail.

The act approved December 21st, 1865, is a substitute for the act approved March 2d, 1855. *Hoffman* v. *Banks*, 41 Ind. 1.

The certificate offered in evidence did not conform to the requirements of the act of 1855. The ruling of the court was right.

The judgment is affirmed, with costs.

### On Petition for a Rehearing.

BUSKIRK, J.—We are asked to grant a rehearing in this case, to the end that we may examine and determine whether the act of December 21st, 1865, is constitutional. The point was made in the original brief, but we did not then deem it necessary to pass upon it. It is now earnestly contended that the act in question is in conflict with section 2, of article 4, of the Constitution of the United States, which provides that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

The acts of June 17th, 1852, of March 2d, 1855, and December 21st, 1865, involve the same principle; and if one of them is void, they are all void.

While this court has not in express terms held such acts to be constitutional, they have been recognized and treated as valid by repeated decisions of this court. *The Rising Sun Insurance Co.* v. *Slaughter*, 20 Ind. 520; *The Peoria M. & F. Ins. Co.* v. *Walser*, 22 Ind. 73; *McMillen* v. *Terrell*, 23.

Ind. 163; *New England F. & M. Ins. Co.* v. *Robinson,* 25 Ind. 536; *Hoffman* v. *Banks,* 41 Ind. 1 ; *The Home Ins. Co. of N. Y.* v. *Duke,* 43 Ind. 418; *The Union Central Life Ins. Co.* v. *Thomas,* 46 Ind. 44.

But we are referred to the case of *The Western Union Tel. Co.* v. *Dickinson,* 40 Ind. 444, where it was held, "that corporations are citizens, within the meaning of the clause of the Constitution of the United States which extends the judicial power of the courts of the United States to controversies between citizens of different states ; and they are citizens only of the state or sovereignty that created them."

The ruling in that case is unquestionably right; but that case goes no further than to hold that corporations are citizens of the state or sovereignty that created them, within the meaning of the clause of the federal constitution which extends the judicial power of the courts of the United States to controversies between citizens of different states. That case held, that being citizens of the state that created them, they had a right to maintain suits in the courts of the United States, as other citizens had. The right of a corporation, created by the laws of one state, to contract and carry on business in another state, was not involved, and consequently was neither considered nor decided.

In *The Bank of Augusta* v. *Earle,* 13 Peters, 519, Mr. Chief Justice TANEY said: "It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and can not migrate to another sovereignty. But although it must live and have its being in that state only, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another. It is indeed a mere artificial being, invisible and intangible; yet it is a person, for certain pur-

poses in contemplation of law, and has been recognized as such by the decisions of this court. It was so held in the case of *The United States* v. *Amedy*, 11 Wheat. 412, and in *Beaston* v. *The Farmers' Bank of Delaware*, 12 Peters, 135. Now, natural persons, through the intervention of agents, are continually making contracts in countries in which they do not reside; and where they are not personally present when the contract is made; and nobody has ever doubted the validity of these agreements. And what greater objection can there be to the capacity of an artificial person, by its agents, to make a contract within the scope of its limited powers, in a sovereignty in which it does not reside; provided such contracts are permitted to be made by them by the laws of the place?

"The corporation must no doubt show, that the law of its creation gave it authority to make such contracts, through such agents. Yet, as in the case of a natural person, it is not necessary that it should actually exist in the sovereignty in which the contract is made. It is sufficient that its existence as an artificial person, in the state of its creation, is acknowledged and recognized by the law of the nation where the dealing takes place; and that it is permitted by the laws of that place to exercise there the powers with which it is endowed.

"Every power, however, of the description of which we are speaking, which a corporation exercises in another state, depends for its validity upon the laws of the sovereignty in which it is exercised; and a corporation can make no valid contract without their sanction, express or implied."

In *Paul* v. *Virginia*, 8 Wallace, 168, it was held, that the business of insurance, as ordinarily conducted, was not commerce, and that a corporation of one state, having an agency by which it conducted that business in another state, was not engaged in commerce between the states.

"It was also held in that case, that a corporation was not a citizen within the meaning of that clause of the constitution which declares that the citizens of each state shall be

entitled to all the privileges and immunities of citizens in the several states, and that a corporation created by a state could exercise none of the functions or privileges conferred by its charter, in any other state of the Union, except by the comity and consent of the latter. " *Ins. Cov. Mass., 10 Wall. 566 for Miller, J.*

The ruling in the above case was adhered to in the cases of *Liverpool Ins. Co.* v. *Massachusetts*, 10 Wallace, 566, *Railway Company* v. *Whitton's Adm'r*, 13 Wallace, 270, and *Insurance Company* v. *Francis*, 11 Wallace, 210.

We entertain no doubt that the acts in question are constitutional and valid.

The petition is overruled.