## Case No. 8,018.

### LAMB v. LAMB.

[6 Biss. 420; 13 N. B. R. 17; 7 Chi. Leg. News, 411; 21 Int. Rev. Rec. 317; 1 N. Y. Wkly. Dig. 318.] [1]

District Court, D. Indiana. Aug., 1875.

INSURANCE—PREMIUM NOTE — FOREIGN CORPORATION—ASSESSMENT BY COURT IN BANKRUPTCY.

1. It is a good defense to a premium note to a mutual insurance company of another state, that the note was given in Indiana to an agent of the company, the company not having complied with the Indiana statute respecting foreign corporations. Mutual insurance companies are clearly within the statute.

[Cited in Lycoming Ins. Co. v. Wright, 60 Vt. 518, 12 Atl. 103.]

2. A state allowing a foreign corporation to do business within its limits, may impose such reasonable conditions as it sees fit. Payson v. Withers [Case No. 10,864], distinguished.

[Cited in Ducat v. Chicago, 48 Ill. 172; Beneo v. Yesler (Or.) 7 Pac. 332.]

3. The order of assessment by the bankruptcy court does not bind the maker as to the validity of the note—his defense to the note can be heard when action is brought upon it.

[Cited in Lamb v. Bowser, Case No. 8,009.]

This was an action brought by Wilmer S. Lamb, assignee of the Winnishiek Insurance Company, against Michael Lamb. It is averred in the declaration that on the 5th day of November, 1868, the defendant executed to said company his premium note, to be paid at such time and in such sums as the board of directors might require, to pay losses and expenses of said company; that on the 21st of September, 1871, the said company was duly adjudged a bankrupt by the district court of the United States for the Northern district of Illinois; that the plaintiff was appointed assignee of the effects of said company; that on the 22d of April, 1873, the said district court of the United States for the Northern district of Illinois made an assessment upon all the premium

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 318, contains only a partial report.]

notes belonging to said company, to the full amount of said premium notes; and that said defendant had failed and refused to pay said assessment on his said note. The fourth plea of said defendant avers that the premium note described in the declaration was taken by one Myron G. Wheeler, on behalf of said company, as agent thereof, in the county of Vigo, and state of Indiana, in consideration of a certain policy of insurance issued to the defendant by said Wheeler as such agent; that said company was created under and by virtue of the laws of Illinois; and that said contract of insurance was entered into, and said note given, at the said county of Vigo, and state of Indiana, without said company or agent having in any wise complied with the provisions of an act of the general assembly of Indiana,—Gavin & H., St. Ind. 272,—respecting foreign corporations. To this plea defendants filed a general demurrer.

McDonald & Butler, for plaintiff.
Baird & Cruft, Voorhees & Carleton, and Harrison, Hines & Miller, for defendant.

GRESHAM, District Judge. The first section of the act referred to in the plea declares that agents of foreign corporations, before entering upon the duties of their agency in this state, shall deposit in the clerk's office of the county where they propose doing business the commission or other authority by virtue of which they act as agents.

The second section declares that before doing any business in this state said agents shall procure and file with the clerk of the circuit court of the county where they propose doing business a duly authenticated order or resolution of the board of directors of such corporation authorizing citizens of this state having demands arising out of any transaction in this state with such agents, to sue for and maintain an action for the same in any court of competent jurisdiction in this state, and for that purpose authorizing service of process on such agent to be valid service on such corporation.

The third section declares that service of process on such agents shall be deemed service on the corporation.

The fourth section declares that foreign corporations shall not enforce in any courts of this state any contracts made by their agents before compliance with the provisions of sections one and two of the act.

The fifth section declares that any person who shall directly or indirectly recover or transmit money or anything of value to or for the use of such corporation, or who shall in any manner make or cause to be made any contract, or transact any business for such foreign corporation, shall be deemed an agent of such corporation.

The sixth section declares that section 5

"shall not apply to persons acting as agents for foreign corporations for a special or temporary purpose, or for purposes not within the ordinary business of such corporation."

The seventh section declares that any person so acting as agent of any foreign corporation, without first complying with the provisions of this act, shall be fined in any sum not less than fifty dollars.

The language of this statute is clear and free from ambiguity. In such cases there is no room for construction. All corporations created in other states are included. Rising Sun Ins. Co. v. Slaughter, 20 Ind. 520. The evident object of the act was to protect the people of this state against irresponsible foreign corporations and their agents, and to provide those having demands against such corporations, growing out of the usual and ordinary business transacted by them or their agents in this state, a cheap and speedy remedy in their home courts, without being driven to a foreign and distant jurisdiction.

Experience seems to have demonstrated the necessity for legislation of this character in most of the states. The power of the states to enact such laws is no longer seriously questioned.

Corporations are mere creatures of local laws, and must therefore dwell in the place of their creation. In the absence of such laws as the statute under consideration they may enter the territory of other states and make contracts within the scope of their limited powers, for there is then an implied assent to their thus migrating. Having no absolute right to recognition in other states without their assent, it follows that such assent may be granted on such reasonable conditions as the state assenting may in its discretion see fit to impose. Hoffman v. Banks, 41 Ind. 1; Farmers' & Merchants' Ins. Co. v. Harrah, 47 Ind. 236; Rising Sun Ins. Co. v. Slaughter, supra; Washington Co. Mutual Ins. Co. v. Hastings, 2 Allen, 398; Williams v. Cheney, 8 Gray, 206; Paul v. Virginia, 8 Wall. [75 U. S.] 168.

But it is argued that the taking of the defendant's premium note and issuing to him his policy were acts within the exception of the sixth section of the act; that in taking the note and issuing the policy, Wheeler was an agent "for a special or temporary purpose," and for a "purpose not within the ordinary business of such corporation."

In support of this position I am referred to the case of Payson v. Withers [Case No. 10,864], decided at the May term, 1873, of the circuit court of the United States for this district. The cases are clearly distinguishable. That of Payson v. Withers was brought to recover on a subscription made in this state for stock of an insurance company of another state. This is an action on

a premium note made in Indiana, the consideration for which is a policy issued by a mutual company of another state.

In the former case, the learned circuit judge said that the subscription to the capital stock "was not the ordinary business of the corporation; that it was an act preliminary to the commencement of its business; that when the stock subscriptions were made, and the corporation was set in motion and made to perform its functions, then the ordinary business referred to by the act began—the issuing of policies of insurance and performing the general and other business connected with such corporations."

But mutual insurance companies have little other business than the issuing of policies, taking premium notes, receiving cash premiums and adjusting and paying losses. Certainly, the issuing of policies and taking premium notes is not only their "ordinary business," but their principal business.

If the position of the defendant be correct, it follows that mutual insurance companies are not embraced in the act at all. Such a construction would violate the plain letter of the statute. No good reason can be assigned for any such legislative exemption which would not apply with equal force to stock insurance companies. It can hardly be said that experience has shown the superior solvency or value in any other respect of insurance companies organized on the mutual system; and a comparison would perhaps prove the difference to be in favor of the stock companies. Certainly whatever protection the legislature designed to afford the citizen was in sound reason as much demanded against the one class of insurance companies as against the other.

It is further insisted that the defendant is precluded from making this defense by the judgment of the court which made the assessment on the premium notes. The order of the court has the same force as an assessment made by the company, with this exception, that the makers of the premium notes will not be allowed to dispute the correctness of the amount of the assessment as made by the court. The order of assessment was made without personal service and the notice given to policy-holders by publication was general without naming them. It will readily appear that in making such orders it is not possible for courts to hear and decide upon all the various defenses which a numerous body of policy-holders might be justly entitled to present, as, for example, non est factum, surrender and acceptance of the policy, that the note was obtained by fraud, or was made in violation of law, as in this instance. These defenses can and ought to be heard when actions are brought for the recovery of the premium notes.

I am clearly of the opinion that the act of the legislature was directed against foreign mutual insurance companies as well as against foreign stock insurance companies; and that the premium note declared on was taken in violation of law, and is therefore void. The demurrer will be overruled.