[No. 7,270.—Department One.]

SAMUEL A. SWANGER *v.* JAMES MAYBERRY ET AL.

PROMISSORY NOTE—CONTRACT—ILLEGAL CONSIDERATION—TIMBER GROWING ON PUBLIC LANDS.—A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void.

*Held,* accordingly, That a promissory note given for part of the purchase money of timber growing on public lands, to which the payee claimed a possessory right, was void

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of Mono County. BRIGGS, J

The Court found that the notes were executed as part of the consideration of the sale and conveyance to the maker by quitclaim deed of all standing and growing timber fit to be sawed and manufactured into lumber, standing and growing upon the lands referred to in the opinion. The deed contained a covenant on the part of the grantor that he would use due diligence to obtain a Government title to said land.

*Paul W. Bennett* and *T. W. W. Davies,* for Appellants.

The notes were void. (Rev. Stat. U. S., § 2461; *Stevens* v. *Perrier,* 12 Kan. 297; *Cadierque* v. *Duran,* 49 Cal. 356; *Schulingberg* v. *Harrieman,* 21 Wall. 44; *Long* v. *Hopkins,* 50 Me. 318; *Murphy* v. *Jones,* 7 Ind. 529; *Cook* v. *Mix,* 11 Conn. 432; *Rice* v. *Goddard,* 14 Pick. 293; *Ladda* v. *Hawley,* 57 Cal. 51; Civ. Code, §§ 1607, 1608.)

*P. Reddy* and *Geo. C. Gorham,* for Respondent.

We admit that it did not convey any title, but claim that all the right, title, and interest of plaintiff to the timber was thereby conveyed, and that the plaintiff promised to acquire a Government title to the land, and thus secure the title to the timber which would inure to the benefit of defendants. Was there anything unlawful in this contract ? We contend that there were no means adopted to secure the title to two hundred and eighty acres of the land in question, and show that it was not necessary to resort to any unlawful or immoral act in order to perform the conditions and comply with the terms of the contract; it will not, therefore, be presumed that anything unlawful was contemplated or intended by the parties in entering into it. It is not unlawful in this State, for one who is in the possession of the public domain, to sell and convey his claim to and possession of such land, although he be a trespasser thereon as against the Government. (*People* v. *Shearer,* 30 Cal. 655.)

McKee, J.:

This case arises out of an action to recover a balance alleged to be due upon two promissory notes. It appears, by the findings in the case, that the notes were given in part payment for the purchase money for growing timber on four hundred and eighty acres of public land, of which the plaintiff had neither possession nor title, but to which he "claimed a possessory right." As claimant of such a right, the plaintiff "sold and conveyed to the defendant all his right, title, and interest in and to all the timber fit to be sawed into lumber, then growing and being upon the land, for the sum of five thousand dollars," one thousand of which was paid at the time of the sale, and payment of the balance secured by the promissory notes in suit.

Being given for the privilege of cutting down timber growing upon the public lands of the United States, the notes were given for an illegal consideration. It is made a penal offense, by act of Congress, passed March 2d, 1831, to cut down timber upon any of the public lands of the United States with intent to export, dispose of, use, or employ the same, in any manner whatsoever, other than for the use of the Navy of the United States; and the offense is punishable by fine and imprisonment. (Rev. Stat. U. S., § 2461.)

In the case in hand, the timber was sold to be cut down, not for a legitimate purpose, nor as incidental to a *bona fide* use of the land, for neither of the parties to the contract of sale had, or claimed to have, the land in occupation or use; but the act was to be done for the avowed purpose of traffic and speculation. It is found by the Court that the defendants were, at the time of the sale, "engaged in the business of manufacturing lumber in the vicinity of the land upon which the timber was growing;" and they purchased it from the plaintiff for the purpose of cutting down all of it that was fit to be sawed and manufactured into lumber. For that purpose the plaintiff sold and conveyed it to them, "together with all and singular the right to enter upon the land, at any and all times, with men and teams, to cut down and remove the timber and trees."

Under the Act of Congress, even if the plaintiff had been

in possession of the land as a settler, without proprietary rights in it, it would have been unlawful for him to cut down the timber growing upon it, for the purpose of spoliation or traffic; and it would be equally unlawful for him to contract with another to do what the law prohibited him from doing; for what the law directly prohibits a man from doing can not be done by indirect means. And being an act forbidden by law, a contract founded upon it is invalid, and can not be made the subject-matter of an action.

The general principle is well established that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction *malum in se*, or which is prohibited by statute, on the ground of public policy. (*Ladda* v. *Hawley*, 57 Cal. 51; *Warren* v. *M. I. Co.*, 13 Pick. 521; S. C., 25 Am. Dec. 341; *Mitchell* v. *Smith*, 1 Binn. 118; S. C., 2 Am. Dec. 417; *Holt* v. *Green*, 73 Pa. St. 198; *Woods* v. *Armstrong*, 54 Ala. 150.)

Judgment reversed and cause remanded.

McKINSTRY, J., and ROSS, J., concurred.