FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF
AMERICA *vs.* SUPERIOR COURT.

Suffolk. December 7, 1937. — June 27, 1938.

Present: FIELD, LUMMUS, QUA, & COX, JJ.

*Insurance,* Motor vehicle liability. *Insurance Company. Certiorari.*

This court has jurisdiction by certiorari to review a decision by the
Superior Court upon an appeal under G. L. (Ter. Ed.) c. 175, § 113D,
and on such a review the question is whether there was on the face
of the record error of law in the decision.

An insurance company, by engaging in the business of writing compul-
sory motor vehicle liability insurance, submits to the determination by
the board of appeal and of the Superior Court, under G. L. (Ter.
Ed.) c. 175, § 113D, of the question of the propriety and reasonable-
ness of its refusal to issue such a policy.

An insurance company engaging in the business of writing compulsory
motor vehicle liability insurance may not confine itself to the classes of
vehicles where the risks are the least and the profit the largest.

In certiorari proceedings, no error of law appeared on the record of a
decision of the Superior Court on an appeal under G. L. (Ter. Ed.)
c. 175, § 113D, ordering an insurance company to issue compulsory
motor vehicle liability policies covering certain motor trucks of a
corporation operating a large fleet of trucks, notwithstanding the
corporation's poor accident record and a misstatement, not shown to
have been intentionally fraudulent, in the application for insurance
respecting mortgages on the trucks.

PETITION for a writ of certiorari, filed in the Supreme
Judicial Court for the county of Suffolk on July 6, 1937.

The case was reserved and reported to the full court by
*Field, J.*

*E. J. Flynn,* (*H. S. Avery & S. P. Weston* with him,) for
the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondents.

QUA, J. The petitioner seeks a review by this court of
the action of a judge of the Superior Court affirming in
part an order of the board of appeal on motor vehicle lia-
bility policies and bonds, hereinafter called the board, and
ordering the petitioner to issue to Simco Trading Co. Inc.,

hereinafter called the applicant, motor vehicle liability policies with respect to two of the motor vehicles involved in the application. The case is rightly here. *Merchants Mutual Casualty Co.* v. *Justices of the Superior Court*, 291 Mass. 164.

Under the pertinent statute, G. L. (Ter. Ed.) c. 175, § 113D, as amended, and upon the complaint as filed the issue before the board and before the court on appeal was whether the petitioner's refusal to issue policies to the applicant was "improper and unreasonable." The sole question before us is whether there was error of law on the face of the record. *Commissioner of Public Works of Boston* v. *Justice of the Municipal Court of Boston*, 228 Mass. 12, 16. *Walsh* v. *District Court of Springfield*, 297 Mass. 472.

We discover nothing in the record which required the judge to rule as matter of law that the petitioner's refusal was proper and reasonable. The petitioner, a Rhode Island corporation, had been licensed in this Commonwealth to engage here in the business of issuing compulsory motor vehicle liability policies under the Massachusetts law. G. L. (Ter. Ed.) c. 175, §§ 150–154, 113A–113D. So long as it engages in that business it must accept fully and without reservation all the obligations and burdens which go with that business under our law. *Commonwealth* v. *Nutting*, 175 Mass. 154, affirmed, *Nutting* v. *Massachusetts*, 183 U. S. 553. *Hooper* v. *California*, 155 U. S. 648. *South Carolina* v. *McMaster*, 237 U. S. 63. *Opinion of the Justices*, 251 Mass. 569, 607–615. See *Ex parte Poresky*, 290 U. S. 30. When our Legislature enacted the compulsory motor vehicle insurance law, by which all persons registering motor vehicles are required to provide security for the payment of claims for damages arising from their operation on the public ways, it foresaw the necessity for providing at the same time a procedure under which individuals could compel companies engaging in the business to insure them in the absence of sound reasons for refusal. One of the conditions accepted by a company which enters this field is that it must surrender its own final judgment as to whether or not it will issue a policy and must submit that

matter to the determination of the board and of the court on appeal.

The board and the court are to approach each case from a broad viewpoint and to consider all pertinent facts. They should not encourage the companies in efforts to avoid assuming the less profitable types of risk, nor on the other hand should they encourage carelessness or laxity on the part of motor vehicle owners in allowing the risks to become greater than need be. Rules of law controlling liability in actions on ordinary insurance policies are not decisive in passing upon the reasonableness of a refusal to issue a policy under the act. Nor can a company limit the power of the board and the court to determine whether a refusal is proper and reasonable under all the circumstances by insistence upon answers deemed by it to be satisfactory to such questions as it may see fit to include in an application blank. And it is plain that no company attempting to engage in this business can take the position that it will insure only pleasure vehicles or limit its operations to that part of the field in which there is the least risk and the most profit. The compulsory law contemplates, and its successful operation requires, that as to their obligations to issue policies all companies alike should abide by the orders of the board or of the court.

We need not repeat the evidence in detail. There was evidence to support the finding that the trucks would be legally registered, if registered in the name of the applicant. The applicant was engaged in the ice cream business. It had approximately one hundred motor trucks upon the highways insured in fifteen or sixteen companies. There was evidence of heavy losses on some of these policies in recent years, of two serious accidents (the fault for which does not appear) and of the employment of drivers who had been guilty of many violations of the motor vehicle laws. But there was also evidence of efforts being made to remedy these conditions, to keep the trucks in repair and to maintain a check upon the drivers on the road. The application fails to state the names of the drivers, but there was evidence that the applicant was not in a posi-

tion to furnish the names before registration and that it offered the petitioner an opportunity to check up on drivers before assigning them to the trucks in question. There was evidence that the trucks were mortgaged, al· though the application stated that they were not. The judge was not obliged to infer that the statement in the application was intentionally fraudulent, even if we assume that such an inference would be decisive. An inadvertent misstatement in an application cannot operate as matter of law to render refusal to insure proper and reasonable under the statute, whatever effect it might have in an action upon an ordinary insurance policy. On the whole case there was evidence on both sides requiring careful consideration. Some of it the judge may not have believed. Failure to find the facts in favor of the petitioner was not an error of law.

*Petition dismissed.*