## HAMILTON v. CASH.

No. 28547.   May 23, 1939.

Rehearing Denied June 13, 1939.

Robert G. Orton, for plaintiff in error.

Hatcher & Hatcher, for defendant in error.

CORN, J. This is an action upon a promissory note, given as part of the purchase price for a number of marble machines, the same being declared by statute to be gambling devices and prohibited by penal statute. The action was defended on the ground that the consideration of the note was unlawful and void as against public policy. Judgment was for the plaintiff, and the defendant appeals.

The only question presented is as to the validity and enforceability of the note.

Sections 9486 and 9487, O. S. 1931, define what constitutes unlawful contracts and read as follows:

"Section 9486. Those contracts are unlawful which are:

"First. Contrary to an express provision of law.

"Second. Contrary to the policy of express law, though not expressly prohibited; or.

"Third. Otherwise contrary to good morals."

"Section 9487. All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or wilful injury to the person or property of another, or violation of law, whether wilful or negligent, are against the policy of the law."

In 13 C. J. 518, sec. 478, the subject under consideration here is discussed as follows:

"Where goods are sold, premises leased, or services rendered for the express purpose of enabling the buyer, lessee, or beneficiary to accomplish an unlawful purpose, the agreement is void, and there can be no recovery of the price or rent, for there is evidence of an unlawful intent common to both parties. Thus it has been held that there can be no recovery where intoxicating liquors are sold to another for the express purpose of enabling the buyer to sell them in violation of law, or where premises are rented for the express purpose of having them used as a bawdyhouse or for any other unlawful business. So where a person in addition to conducting lawful races has arranged booths and appliances for gambling on races, a contract with another whereby he is to furnish refreshments, thus increasing the attraction and promoting the gambling, is illegal and void. And so it is where a person leases premises for the illegal sale of liquors and also agrees to supply ice to keep them cool; and where the subject of a sale is a 'slot machine' which can be used for no other purpose than for gambling. * * *"

Contracts founded on an illegal consideration are discussed in the case of Mann et al. v. Brady, 80 Okla. 299, 196 P. 346. In that case numerous authorities are cited supporting the principle that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by the statute, is void, We bring forward the statement of the principle as stated in that case and in Garst v. Love, 6 Okla. 46, 55 P. 19, as follows:

"'A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void.' Swanger v. Mayberry et al., 59 Cal. 91."

It is further stated:

"'Where an act is absolutely prohibited by statute or is contrary to the public policy of the state, all notes or contracts given in furtherance of said act are null and void.' Williams v. Turnbull, 65 Okla. 34, 162 P. 770."

It is evident from the record that the plaintiff knew that the principle and manner of operation of these marble machines was contrary to law and public policy and that they were being used as gambling devices. The courts will not lend aid in the enforcement of contracts which are contrary to law, or public policy, or made in furtherance of any matter or thing prohibited by statute.

The judgment of the trial court in favor of the plaintiff is reversed and the cause remanded, with directions to dismiss the same with prejudice.

RILEY, OSBORN, HURST, and DANNER, JJ., concur. WELCH, V. C. J., and GIBSON, J., dissent. DAVISON. J., not participating. BAYLESS, C. J., absent.

WELCH, V. C. J. (dissenting). I think the judgment should be affirmed on the rule that the general finding of the trial court for plaintiff, upon waiver of jury trial, has the effect of a general jury verdict for

plaintiff and should not be disturbed on appeal if supported by competent evidence.

The defendant in his answer admitted the execution of the note and alleged as his affirmative defense that the contract was illegal; that the marble machines involved were gambling devices; and that plaintiff knew they were to be operated as gambling devices. All this was denied by plaintiff's reply. Controlling issues of fact were thus presented. A jury trial was waived. There were only two witnesses, the plaintiff and the defendant. The plaintiff testified in support of his petition and in direct dispute of the allegations of the answer. The defendant testified in support of his answer and in several instances in direct contradiction of plaintiff's testimony.

Upon this conflicting evidence the issues generally were found in plaintiff's favor, and in such case this court on appeal should not reverse the judgment and accept defendant's evidence as presenting the facts in the case. It may be that the defendant's position was in fact the true one, but as an appellate court we are not justified in so concluding, in view of the direct conflicts in the evidence and in view of the trial court's determination thereon.