## CROCKETT v. WIEDEMANN.

### No. 21797.

District Court, N. D. California, S. D.

June 9, 1941.

J. W. Ehrlich, of San Francisco, Cal., for plaintiff.

Otto A. Hoecker, of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff's complaint charges that defendant Fritz Wiedemann, Consul General for the Government of Germany in San Francisco, is a member of, the head of, "and supervised and directed" the espionage service of Germany in the United States and the Western Hemisphere. Specific unlawful acts are alleged as having been committed by defendant against the United States and affecting the national defense. Plaintiff alleges that she accompanied defendant upon a trip to Mexico where he pursued his espionage activities to secure secret information which would aid Germany in the conquest of the Western Hemisphere. Briefly, the complaint charges that defendant is guilty of unlawfully obtaining or permitting to be obtained information affecting the national defense, all in violation of 50 U.S.C. A. § 31, known as the espionage act.

The complaint further alleges that during the year 1939 defendant had serious misunderstandings with the official government of Germany and the Nazi party concerning his ability to carry on espionage activities in the United States, and that he was desirous of getting definite information as to his standing with the German government, the Nazi party, and its high officials. Plaintiff, at the special instance and request of defendant, upon his oral promise to pay her $500 per month and expenses, made a trip from San Francisco to Berlin and return for the purpose of reassuring defendant. She was absent about six months. While in Berlin she interviewed all of the high officials of the German government, and the Nazi party, and she was informed by them "that Fritz Wiedemann was properly carrying out his duties as Consul General of the German government in the City and County of San Francisco, State of California, United States of America, and as the head of the propaganda division in the City and County of San Francisco, State of California, and as chief of the espionage service of the government of Germany in the United States." Plaintiff returned to San Francisco and informed defendant what she had learned. She claims that while in defendant's service she earned a salary of $3,000, and incurred expenses in the sum of $5,000, a total of $8,000, which she seeks to recover.

Motion to dismiss is made upon the ground that the contract sued upon is void as against public policy, its object being unlawful, contrary to an express provision of law. §§ 1596 and 1667, California Civil Code.

Assuming, under the rules of pleading, that the allegations contained in the complaint are true, it appears that defendant is guilty of violating the espionage act of the United States. 50 U.S.C.A. § 31. It further appears that plaintiff aided and assisted defendant in his unlawful acts and she is likewise guilty.

"The authorities from the earliest time to the present unanimously hold that no court will lend its assistance in any way towards carrying out the terms of an illegal contract. In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it, nor will they enforce any alleged rights directly springing from such contract." McMullen v. Hoffman, 174 U.S. 639, 654, 19 S.Ct. 839, 845, 43 L.Ed. 1117.

The law upon the subject is clearly and succinctly stated in an early California case, Swanger v. Mayberry, 59 Cal. 91, 94, wherein it is said: "The general principle is well established that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction malum in se, or which is prohibited by statute, on the ground of public policy."

The motion to dismiss will be granted without leave to amend.