Robert L. BIRDWELL, The Insurance Commissioner of the State of Oklahoma, and the Oklahoma Motor Vehicle Assigned Risk Plan, Plaintiffs in Error,

v.

TRI–STATE INSURANCE COMPANY, Defendant in Error.

No. 36525.

Supreme Court of Oklahoma.

July 19, 1955.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., George R. Taylor, Asst. Insurance Commissioner, Oklahoma City, for plaintiffs in error.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for defendants in error.

DAVISON, Justice.

This proceeding springs from the provisions of the Safety Responsibility Act, 47 O.S.1951 § 501 et seq., and comes to this court on appeal from an order and judgment of the District Court of Oklahoma County.

A comprehensive yet concise outline of the "material pleadings, evidence and orders involved," as disclosed by the record herein, is contained in the brief of plaintiff in error as follows:

"On August 7, 1953, David L. Veatch, resident of the State of Oklahoma, made application to the Oklahoma Motor Vehicle Assigned Risk Plan upon the prescribed application form which was sworn to by the applicant before Donald W. Burleson, a licensed insurance agent and qualified producer of record, through whom application was duly forwarded. (Exhibit A)

"On August 11, 1953, the Manager of the Assigned Risk Plan, pursuant to its provisions, assigned the risk to appellant and directed the issuance of a motor vehicle liability insurance policy. (Exhibit B)

"An exchange of letters between appellant and the Manager of the Plan (Exhibits E, F, G, H, and I) resulted in a request by appellant for hearing before the Governing Committee of the Plan in accordance with the procedures prescribed under the terms thereof. Hearing was conducted on

October 5, 1953 at which appellant was duly represented.

"By letter dated October 6, 1953, the Manager of the plan advised appellant of the Findings and Order of the Governing Committee made pursuant to the hearing (Exhibit J), and directed appellant, in pursuance of the Order, to issue an insurance Policy to applicant, David L. Veatch. (Exhibit K)

"On October 7, 1953 appellant appealed to the State Insurance Commissioner, pursuant to 47 O.S.1951 § 535, from the ruling and order of the Governing Committee. (Exhibit L)

"Notice of this hearing was thereafter given to all interested parties as provided by law.

"An examination of the evidence in support of the facts as recited reflects that all actions and procedures were in substantial compliance with applicable statutes and with the terms of the Oklahoma Motor Vehicle Assigned Risk Plan as approved by the Insurance Commissioner pursuant to law; and that appellant has suffered no prejudice in matters of procedure or form.

"It is not alleged nor does it otherwise appear that applicant, David L. Veatch, failed to disclose information of a material nature or that he wilfully made incorrect or misleading statements in the execution of the required application for liability insurance. The application (Exhibit A), does reflect by applicant's response to pertinent questions, that he is a tavern owner and operates a retail liquor sales outlet, that the purposes for which his motor vehicle is to be used are 'business and pleasure,' and that he was at Arapaho, Oklahoma on April 16, 1951 convicted of driving a motor vehicle while under the influence of intoxicating liquor as the result of which he was fined one hundred dollars and costs in addition to suffering revocation of his motor vehicle operator's license on order of the presiding judge. Applicant, by verbal testimony in the course of the hearing, confirmed the information reflected in the application form and additionally stated that while it was not his purpose to employ his vehicle in the regular course of his stated business, its use would from time to time be required in the transportation of liquor. (Exhibits M and N)

"Appellant, by letter addressed to the Manager of the Plan (Exhibit D), alleged that applicant was, on August 5, 1953, convicted of engaging in a retail liquor business and that as a result thereof he was fined one hundred dollars and received a thirty day suspended jail sentence. It is additionally alleged that applicant was arrested several times between 1944 and 1946 for possession of whiskey and that he was arrested 'several times subsequently for being drunk and other charges.' (Exhibit O)

\* \* \* \* \* \*

"Findings And Orders

"With due consideration to the evidence and the law involved in this appeal, it is the Finding of the Insurance Commissioner:

"1. The applicant, David L. Veatch, has satisfied all requirements for insurance under the Oklahoma Motor Vehicle Assigned Risk Plan.

"2. That assignment of the risk was properly and duly made to appellant, Tri-State Insurance Company, under the terms of the plan.

"3. That no material errors of law or fact appear in the ruling or decision of the Governing Committee of the Motor Vehicle Assigned Risk Plan, and

"4. That David L. Veatch, applicant, is in 'good faith' entitled to be issued an automobile insurance liability policy as ordered.

"'It Is Hereby Ordered That The Ruling And Decision Of The Governing Committee Be And Is Sustained.'

"In said 'Petition' (Tr. 5 to 7) of appellant in the District Court of Oklahoma County, appealing said 'Find-

ings and Orders' of the State Insurance Commissioner, it is stated:

" '5. That this appeal is based upon an improper and illegal application of the laws of Oklahoma by the insurance commissioner and his duly authorized representatives.

" '6. This incorrect application of the laws consists of attempting to require appellant to contract with appellee, David L. Veatch, for insurance coverage upon a business, admittedly illegal under the laws of Oklahoma which prohibit the distribution and sale of intoxicating beverages containing more than 3.2% alcohol. .

"Appellees filed a response (Tr. 71 and 72) to said petition, the material part thereof being as follows:

" '1. That the material allegations of fact set forth in said petition are not sufficient to constitute a cause of action in favor of the appellant, Tri-State Insurance Company, and against appellee.

" '2. That the decision of the State Insurance Commissioner attached as Exhibit 'A' to appellant's petition, and the transcript of testimony and proceedings taken before the Commissioner, which transcript was filed with the court in response to an order issued on December 9, 1953, shows upon its face that the appellant is not entitled to the relief prayed for in its petition."

"In the 'Journal Entry' of judgment of the District Court of Oklahoma County (Tr. 186 to 189) it is stated:

" 'The Court is of the opinion that a determination of this cause may be had upon the primary issue of whether the appellee, David L. Veatch, is in good faith entitled to compulsory insurance under the Safety Responsibility Act of the State of Oklahoma, when this insurance admittedly will be utilized in the commission of crimes against the laws of the State of Oklahoma. This Court is of the opinion that the appellee David L. Veatch, is not in good faith entitled to compulsory insurance under the laws of the State.

of Oklahoma and that the decision of the Motor Vehicle Assigned Risk Plan to compel the Tri-State Insurance Company, appellant, to provide said insurance and the decision of the Insurance Commissioner of the State of Oklahoma sustaining the decision of the Oklahoma Motor Vehicle Assigned Risk Plan are in error in holding that the Appellee, David Veatch, was in good faith entitled to insurance.'

"It was to reverse said judgment of the District Court of Oklahoma County that the instant appeal was lodged in this Court."

We, therefore, are confronted with this proposition: David L. Veatch cannot secure a driver's license without furnishing a liability insurance policy; if the insurance is obtained and a driver's license issued, he intends to drive an automobile part of the time in the transportation of intoxicating liquor, a violation of the laws of this State. In such a situation, can the defendant in error, Tri-State Insurance Company, be compelled by the plaintiff in error, The Insurance Commissioner of the State of Oklahoma, acting under the authority of the provisions of 47 O.S.1951 §§ 501 to 542 inclusive, to issue to him a "public liability and property damage insurance policy"? Our answer is in the negative.

Neither party has cited to us any authority bearing upon the questions involved. Although there are very few reported cases dealing with compulsory insurance statutes, the California Court discussed numerous phases of such acts in the case of California State Automobile Ass'n Inter-Insurance Bureau v. Downey, 96 Cal. App.2d 876, 216 P.2d 882. It was there held that such laws are constitutional and that an increased risk could not be a reason sufficient for refusing to insure. See also Factory Mutual Liability Ins. Co. of America v. Justices of Superior Court, 300 Mass. 513, 16 N.E.2d 38. In the case at bar, the insurance company based its right to refuse issuance of the policy, not upon increased risk, but upon the theory that the issuance would directly aid in the accomplishment of an unlawful object. In the Law of In-

surance by Joyce sec. 2536, it is stated that:

"But if the insurance be merely upon the property in which such illegal traffic is carried on, or in which such unlawful goods are kept, a question may exist whether the insurance is not within that class of cases where the contract may be valid, even though it is connected with an independent illegal transaction which it is in no way designated to aid or to promote; and it has been held so. But even in a case of this character, where the premises are insured and they are kept solely or partly for carrying on an unlawful business, the question is pertinent whether the insurance is not so closely connected with the illegal or unlawful use that it does in fact operate as a cover for the unlawful purpose, and so taint. the contract itself with illegality. If it does tend to assist or abet the wrongdoer in transgressing the laws, and if it does in reality aid or promote the illegal transaction, and encourages an abatement of the laws, there are strong reasons for holding that the insurance is illegal, and not a mere collateral valid contract in which no illegal design enters. Again, the main question is not solely one whether the contract is susceptible of legal performance, or that the premises insured are susceptible of lawful use, but whether there has actually been an unlawful use which the policy is intended to actually cover, or would in fact cover if it were admitted to be a lawful use. It is true that if the contract is susceptible of a double construction covering both a lawful and unlawful use or performance, that the law presumes a lawful intent, or at least admits proof of a lawful performance, but if an unlawful use or illegal performance is proven, then the contract will be void."

Following that same reasoning, in the case of Swanger v. Mayberry, 59 Cal. 91, the court held,

"A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void."

The Mayberry case has been quoted and followed, and its doctrine adopted, in a number of cases before this court, wherein section 211 of Title 15 O.S.1951 was held to be applicable. Most recent among the mentioned cases are those of Hamilton v. Cash, 185 Okl. 249, 91 P.2d 80, and Cook v. Morrison, 202 Okl. 693, 217 P.2d 810. From these authorities, we conclude that an insurance contract which has the effect of furthering any matter or thing prohibited by statute, falls within the same rule as contracts generally and is therefore void.

In the case at Bar, Veatch intended to use his driver's license in driving an automobile in which, at times, he would be transporting intoxicating liquor unlawfully. That his driving would be in a lawful manner a large part of the time did not remove the taint of the part time unlawful use. The issuance of the driver's license was necessary for him to drive a car at all—for lawful or unlawful purposes. The writing of the insurance was a prerequisite to the issuance of the license. Therefore, the contract of insurance would directly aid in his part time violation of the law, and would be void. " 'The law will not lend its support to a claim founded upon its violation' ", Kelly v. Courter, 1 Okl. 277, 30 P. 372, 374. If, then, the contract of insurance would be illegal and void, the court will not force or direct a person to enter into it.

The statute under consideration provides that an insurer may be compelled to issue a policy of insurance to those persons "who are in good faith entitled to but are unable to procure such policies through ordinary methods." 47 O.S.1951 § 535. The Insurance Commissioner has, under the provisions of the statute, adopted an assigned risk plan. Therein, an applicant is declared to be in good faith if all information of a material nature, without willfully incorrect or misleading statements, is contained in the application. But, "an erroneous construction of a statute by an administrative agency is not binding on the courts."

National Automobile Underwriters Ass'n v. Day, 348 Ill.App. 554, 109 N.E.2d 630, 635.

█ We cannot accede to the view that an applicant is in good faith entitled to insurance required for issuance of a driver's license if, after securing such license, he admittedly intends to drive an automobile in the illegal liquor traffic, even though for a small part of the time. The district court was correct in refusing to order the issuance of the insurance. Because of the conclusion reached, other propositions presented need not be decided.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and BLACKBIRD, JJ., concur.